**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KAREN BROWNE,** *Individually and on behalf of E.B., A Minor*,

                      **Plaintiff,**

   vs.                                     **3:21-cv-468**
                                               **(MAD/ML)**

**JUUL LABS, INC.; ALTRIA GROUP DISTRIBUTION COMPANY; PHILIP MORRIS USA, INC.; and ELECTRONIC CIGARETTES, INC.,**

                      **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **COUGHLIN, GERHART LAW FIRM**<br>P.O. Box 2039<br>99 Corporate Drive<br>Binghamton, New York 13902-2039<br>Attorneys for Plaintiff | **RACHEL A. ABBOTT, ESQ.** |
| **FEARS NACHAWATI, PLLC**<br>5473 Blair Road<br>Dallas, Texas 75231<br>Attorneys for Plaintiff | **SHERRI ANN SAUCER, ESQ.** |
| **CARTER LAW GROUP**<br>5473 Blair Road<br>Dallas, Texas 75231<br>Attorneys for Plaintiff | **AMY CARTER, ESQ.**<br>**HEATHER DAVIS, ESQ.** |
| **KIRKLAND & ELLIS, LLP**<br>555 South Flower Street, 37th Floor<br>Los Angeles, California 90071<br>Attorneys for Defendant JUUL Labs, Inc. | **DAVID HOROWITZ, ESQ.** |
| **GUNSTER, YOAKLEY & STEWART, P.A.**<br>600 Brickell Avenue – Suite 3500<br>Miami, Florida 33131<br>Attorneys for Defendant JUUL Labs, Inc. | **TIMOTHY J. MCGINN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. BACKGROUND

Plaintiff Karen Browne, individually and on behalf of E.B., a minor, commenced this action Tioga County Supreme Court against Defendants JUUL Labs, Inc. ("JUUL" or "JLI"), Altria Group Distribution Company ("Altria"), Philip Morris USA, Inc. ("Philip Morris"), and Electronic Cigarettes, Inc. *See* Dkt. Nos. 1 & 2.[1] The complaint, which asserts state law causes of action, claims that E.B. started using JUUL e-cigarettes at the age of 12, because use of the e-cigarettes was rampant in her middle school, and E.B. was attracted to the candy flavors. *See* Dkt. No. 2 at ¶¶ 33-34, 246. E.B. is now 14 years old, and has already undergone multiple rounds of addiction therapy, including in-facility rehabilitation. *See id.* at ¶ 3.

Plaintiff and E.B. live in Tioga County, where they claim that Defendants aggressively marketed their candy-like products to children like E.B. One of these Defendants is Electronic Cigarettes, Inc., which is the owner of the registered trademark name "Vapor King," a New York corporation with its principal place of business in Broome County. *See id.* at ¶¶ 14-15. The complaint alleges that Electronic Cigarettes markets and sells JUUL e-cigarettes to children. *See id.* The complaint further specifically describes Defendant Electronic Cigarette's culpability, including that Vapor King knew that under New York law it was not to sell nicotine products to

---

[1] In July 2020, Plaintiff commenced a virtually identical action against Defendants JLI, Altria, and Philip Morris, and also named a New York state retailer, Vapor King. *See Browne v. Juul Labs, Inc.*, No. 3:20-cv-1073 (N.D.N.Y.) ("*Browne I*"). After JLI and the Altria Defendants removed *Browne I* to this Court, the JPML conditionally transferred the action to the Northern District of California, but Plaintiff voluntarily dismissed the case days before the JPML was set to issue its final order. This action was commenced one month after Plaintiff voluntarily dismissed *Browne I*.

2

minors, but nonetheless sold and marketed JUUL products to minors without disclosing the e-cigarettes' highly addictive nature. *See id.* at ¶¶ 14-15, 268, 289, 301, 313.

On April 23, 2021, Defendant JUUL Labs removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 at ¶¶ 21-23. Defendants Altria, Philip Morris, and Electronic Cigarettes have not yet appeared in this action.

On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") designated *In re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2913 (the "MDL") in the Northern District of California for purposes of consolidating cases involving "allegations that JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent or addictive than cigarettes, that JUUL products are defective and unreasonably dangerous to minors, and that JLI promotes nicotine addiction." Dkt. No. 25-5. In creating the MDL, the JPML found "centralization – of all actions – in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id.* Over 1,100 cases have since been transferred by the JPML to MDL No. 2913 from courts around the country.

Upon removal to this Court, because Plaintiff's case concerns the same subject matter and allegations of other lawsuits that have been transferred to the MDL, JUUL notified the JPML that this case is related to the cases currently comprising MDL No. 2913 and should be transferred for coordinated proceedings. *See* JPML Rule of Procedure 7.1(a). On April 28, 2021, the JPML conditionally transferred this action to the Northern District of California. *See* Dkt. No. 25-4. On May 4, 2021, Plaintiff objected to the conditional transfer order, thereby staying its effectiveness pending full briefing and further order of the JPML. On July 29, 2021, the JPML is scheduled to

hear argument on Plaintiff's opposition to transfer to the MDL, with a decision expected to follow soon thereafter. *See* Dkt. No. 34.

On May 13, 2021, Plaintiff moved to remand this action to state court, arguing that this Court lacks subject matter jurisdiction over this case. *See* Dkt. No. 23. The following day, Defendant JUUL Labs moved to stay the proceedings in this Court pending a final transfer decision of the JPML. *See* Dkt. No. 26. The parties' motions are fully briefed. For the reasons that follow, Defendant JUUL's motion to stay is granted.

## II. DISCUSSION

"The principle purpose of MDL is to avoid piecemeal litigation and coordinate pretrial proceedings." *Pierre v. Prospect Mortg., LLC*, No. 1:13-CV-453, 2013 WL 5876151, *2 (N.D.N.Y. Oct. 31, 2013) (citation omitted). "Courts within this Circuit frequently stay a case where there is a motion to transfer to a multi district litigation court pending before that court." *Xchange Telecom Corp. v. Sprint Spectrum*, No. 1:14-CV-54, 2015 WL 6829049, *2 (N.D.N.Y. Nov. 6, 2015) (citations omitted); *Pierre*, 2013 WL 5876151, at *2 (collecting cases).

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he decision whether to issue a stay is [therefore] 'firmly within a district court's discretion.'" *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)). "'How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"

4

*Louis Vuitton*, 676 F.3d at 97 (quoting *Landis*, 299 U.S. at 254-55); *see also Ofosu v. McElroy*, 98 F.3d 694, 699 (2d Cir.1996) ("A request for a stay is an appeal to equity").

In deciding whether to stay proceedings, courts in the Second Circuit have examined the following five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Finn v. Barney*, No. 08-CV-2975, 2008 WL 5215699, *2 (S.D.N.Y. Dec. 8, 2008) (citing *Volmar Distrib. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)); *see also LaSala*, 399 F. Supp. 2d at 427; *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "In balancing these . . . factors on a case-by-case basis, 'the basic goal is to avoid prejudice.'" *LaSala*, 399 F. Supp. 2d at 427 (quoting *Kappel*, 914 F. Supp. at 1058).

In their motion to stay, Defendant JUUL argues that a brief stay of this action pending transfer to the MDL would plainly serve the interests of efficiency and judicial economy. *See* Dkt. No. 25-1 at 15-18. Further, Defendant JUUL contends that since this case is in its infancy and the fact that the JPML has already issued a Conditional Transfer Order, Plaintiff cannot reasonably claim prejudice by such a stay. *See id.* By contrast, Defendant JUUL claims that it would be prejudiced if this case were to proceed here in parallel to the MDL (the procedures for which include resolution of remand motions), creating a risk of inconsistent rulings and requiring needless duplication of labor. *See id.* at 18-21

In response, Plaintiff argues that the MDL court has placed a hold on remand motions and refused to rule on them in light of the other pressing issues in the MDL, including federal RICO issues, California law issues, issues related to school districts' claims, and other issues that have

5

no relevance to this case. *See* Dkt. No. 26 at 16-20. Further, Plaintiff contends that judicial economy and the interests of the courts and public cannot possibly be served by a cross-country transfer between courts that lack subject matter jurisdiction. *See id.* at 21-31.

Here, the Court finds that Defendant JUUL's motion to stay should be granted. Initially, the Court notes that Plaintiff's speculation that granting a stay will "probably" produce "years" of delay is just that – speculation. More importantly, however, it misstates the issue before the Court. In considering whether a non-movant will suffer prejudice by a stay of proceedings pending transfer to an MDL court, the Court must look to the expected timing of the JPML's decision on transfer – not the speculation as to when the transferee court may rule on remand motions. *See, e.g.*, *Couture v. Hoffman-La Roche, Inc.*, No. 12-cv-2657, 2012 WL 3042994, *3 (N.D. Cal. July 25, 2012) (rejecting the plaintiff's prejudice argument based on the fact that her remand motion "will languish for months, if not years in the MDL court" because it was based on the erroneous premise that the plaintiff "would experience prejudice if [her] case was transferred to a MDL court, rather than if the district court granted the defendant's motion to stay"). Here, the Moving Defendant merely seeks a stay pending the JPML decision on whether to transfer this case. The JPML has already conditionally transferred this action and, on May 4, 2021, Plaintiff objected to the conditional transfer order, thereby staying its effectiveness pending full briefing and further order from the JPML. Plaintiff's motion was fully briefed before the JPML on June 16, 2021, and a hearing on the motion is scheduled for July 29, 2021. *See* Dkt. No. 34. A decision on Plaintiff's motion is expected to be entered shortly after the July 29, 2021 hearing. As such, the Court finds that Plaintiff will not be prejudiced by granting Defendant's motion to stay.

Moreover, the Court finds that if a stay was not granted and the Court proceeded to decide the pending motion to remand, Defendants would be prejudiced. The issues raised in Plaintiff's

6

motion to remand have been raised by other parties in motions already pending before the MDL court. *See* Dkt. No. 25-1 at 19. Resolution by this Court "would undoubtedly result in duplicative motion practice and run contrary to the interest of judicial economy." *City of Amsterdam v. Purdue Pharma L.P.*, No. 1:19-cv-896, 2019 WL 5102564, *3 (N.D.N.Y. Oct. 11, 2019). Assuming the case is transferred by the JPML, the MDL court is best positioned to assure that resolution of near-identical pending motions to remand are decided in a uniform manner. *See Bd. of Cty. Comm'rs of Seminole Cty., Okla. v. Perdue Pharma L.P.*, No. 18-cv-372, 2019 WL 1474397, *2 (E.D. Okla. Apr. 3, 2019) (holding that "if all proceedings are not stayed at this time, [the moving defendants] will suffer a hardship to the extent that they are subjected to a risk of inconsistent rulings on the same jurisdictional questions that are raised in plaintiff's remand motion and in many cases already before the MDL court").

This Court recently dealt with a substantially similar issue in another case. In *City of Amsterdam v. Purdue Pharma L.P.*, No. 1:19-cv-896, 2019 WL 5102564 (N.D.N.Y. Oct. 11, 2019), the plaintiff filed suit in state court and the defendants removed the action on the basis of diversity jurisdiction. *See id.* at *1. There, as here, the JPML conditionally transferred the action to a previously formed MDL court. *See id.* There, as here, the plaintiff objected to the conditional transfer and moved to remand, while the defendants moved "for a temporary stay of th[e] matter pending a decision from the JPML regarding the transfer of the action." *Id.* at *1-2. There, as here, the plaintiff argued "that it would suffer irreparable harm" if the court stayed the case because it "would only delay resolution of this matter" and preclude the plaintiff from litigating in its preferred forum. *Id.* at *3.

The Court granted the defendants' motion to stay pending the JPML's transfer decision. Although the Court "recognize[d] that [the plaintiff] has an interest in proceeding expeditiously

7

with its litigation," it found that "a brief stay pending a decision by the JPML ... would hardly preclude [the plaintiff] from litigating its claims in" its preferred forum – there, consolidated state court proceedings; here, state court – "should the JPML elect not to transfer this action." *Id.* So too here: "If the action is transferred, Plaintiff's motion to remand will be heard in the [MDL court]. If the action is not transferred, [this] Court will decide Plaintiff's motion in due course." *Id.* (internal citations omitted).

The Court further notes that, in *Ivy v. Diamond Shamrock Chem. Co.*, 901 F.2d 7 (2d Cir. 1990), the Second Circuit held that it is appropriate for the JPML to transfer cases in which remand motions are pending for resolution by the MDL court, stating that:

> [T]he jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court.

*Id.* at 9 (internal citation omitted). Thus, when the jurisdictional issue "involves common questions of law and fact" with cases in the MDL litigation, then having "the jurisdiction objection ... heard and resolved by a single court ... [promotes] [c]onsistency as well as economy." *Id.* Following *Ivy*, courts in the Second Circuit have routinely exercised their discretion and deferred ruling on motions to remand in order to permit the MDL court selected by the JPML to decide such motions. *See Royal Park Investments SA/NV v. Bank of America Corp.*, 941 F. Supp. 2d 367, 370-71 (S.D.N.Y. 2013) (citing cases).

As other courts considering issues of fraudulent misjoinder have stated, "both judicial economy and consistency are served by allowing a single court – the Opiate MDL court – to address the jurisdictional issues." *City of Galax, Virginia v. Purdue Pharma, L.P. et al.*, No. 7:18-

CV-617, 2019 WL 653010, *4 (W.D. Va. Feb. 14, 2019). This case, and others like it, are complex and present questions of national importance, necessitating judicial efficiency and consistency. Thus, the Court finds that a stay pending the JPML's decision regarding transfer of this action would advance the interests of judicial economy.

Finally the Court finds that staying this action is in the best interest of the courts, non-parties, and the public because it promotes the efficient use of judicial resources and "minimiz[es] the possibility of conflicts between different courts." *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999). Permitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources. Thus, for the reasons stated above, and because Plaintiff would not suffer undue prejudice as a result of the short delay, Defendant JUUL Labs' motion to stay is granted. Accordingly, this action is stayed pending a decision by the JPML regarding transfer to the MDL.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant JUUL Labs' motion to stay (Dkt. No. 25) is **GRANTED**; and the Court further

**ORDERS** that proceedings in this Court, including Plaintiff's motion to remand (Dkt. No. 23), are **STAYED** pending final decision regarding transfer of this action by the JPML; and the Court further

**ORDERS** that the parties shall notify the Court forthwith should the JPML determine that transfer to the MDL is inappropriate; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 30, 2021
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge